Ehson Salaami, Esq. (SBN: 265717)
ehson@mincal.com
Amir Vafaei, Esq. (SBN: 259406)
amir@mincal.com
**MinCal Consumer Law Group**
1630 Copa De Oro Drive, Suite A
San Diego, CA 92037
Telephone: (888) 678-5550
Facsimile: (888) 678-6885

Attorneys for Plaintiff

FILED

10 OCT -6 AM 10: 47

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Angela Byrd<br><br>Plaintiff,<br><br>v.<br><br>Enhanced Recovery Company, LLC<br><br>Defendant. | Case No. **CV10 7454** -AJW<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using unfair and abusive

COPY

debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Angela Byrd, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Enhanced Recovery Company, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt or debts allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. For the purpose of this Complaint, unless otherwise indicated, "Defendant(s)" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Supplemental jurisdiction exists for the state law claims, pursuant to 28 U.S.C. § 1367 and rule 18(a) of the Federal Rules of Civil Procedure.

10. Venue is proper in this Court because a substantial part of the claim arose in California, and Defendant does business within the State of California.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

12. Plaintiff is a natural person who resides in the City of Burbank, County of Los Angeles, State of California.

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant is located in the City of Jacksonville, the County of Duval, and the State of Florida.

16. The Defendant is a "debt collector," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a(6). See, e.g., *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 228 (4th Cir. 2007).

17. The Defendant is a "debt collector" within the meaning of Civil Code § 1788.2(c), in that Defendant regularly and in the ordinary course of business, on behalf of themselves or others, engaged in acts and practices in connection

with the collection of consumer debts, and that Defendant is not an attorney nor counselor at law.

18. The alleged debt which the Defendant attempted to collect from Plaintiff is a "consumer debt" within the meaning of Civil Code § 1788.2(f), in that it was incurred primarily for personal, family, or household purposes.

## FACTUAL ALLEGATIONS

19. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

20. At all times relevant, Defendant conducted business within the State of California.

21. On or before June 25, 2010, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely, a financial debt with Bank of America, in the approximate amount of $198.83.

22. The purported financial obligations that Defendant attempted to collect from Plaintiff were allegedly incurred for personal, family, or household purposes, and is a "debt," as defined by FDCPA § 803, codified at 15 U.S.C. § 1692a (5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before June 25, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before June 25, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

26. On or about June 25, 2010, Defendant telephoned Plaintiff and demanded payment of the alleged debt.
27. Defendant's action in an attempt to collect a debt was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).
28. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).
29. Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g. Because Defendant's omission violated 15 U.S.C. § 1692g, it also also violated Cal. Civ. Code § 1788.17.
30. On or about July 13, 2010, within the thirty-day period described in 15 U.S.C. § 1692g(b), Plaintiff sent Defendant a certified letter stating that this alleged debt, or some portion of it, was disputed.
31. Further, Plaintiff notified Defendant that she wished Defendant to cease further communication with her by telephone.

32. On or about July 20, 2010, Defendant telephoned Plaintiff in an effort to collect the alleged debt. By communicating with Plaintiff by telephone before validating the debt, as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g. Because this communication did not comply with 15 U.S.C. § 1692g, this communication also violated Cal. Civ. Code § 1788.17.

33. Defendant telephoned Plaintiff after Plaintiff had notified Defendant in writing that Plaintiff refused to pay the alleged debt or wished Defendant to cease further communication with the consumer. Defendant continued its communication, with respect to such debt, for a purpose other than enumerated in 15 U.S.C. § 1692c(c), Defendant violated 15 U.S.C. § 1692c(c). Because this communication did not comply with 15 U.S.C. § 1692c(c), this communication also violated Cal. Civ. Code § 1788.17.

34. On or about August 7, 2010, Defendant sent Plaintiff a plain envelope containing approximately 6 months worth of bank statements. In this communication with the consumer, Defendant failed to disclose that it was attempting to collect a debt and that any information obtained would be used for that purpose, or that the communication from a debt collector. Consequently, Defendant violated 15 U.S.C. § 1692e(11). Because Defendant violated 15 U.S.C. § 1692c(c), this communication also violated Cal. Civ. Code § 1788.17.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

35. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

36. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37. As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
## CAL. CIV. CODE §§ 1788-1788.32

38. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

39. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32.

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- For such other and further relief as this Court may deem just and proper.

41. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: 9/30/10

MinCal Consumer Law Group

By: *Ehson Salaami*
Ehson Salaami, Esq.
**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL
## (MAGISTRATE JUDGE CIVIL CONSENT PILOT PROJECT)

*The court has directed that the following rules be specifically called to your attention:*

I. Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 08-09].
II. Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
III. Service of Papers and Process (Local Rule 4)

I. **NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE**

*Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.*

This case has been randomly assigned to Magistrate Judge __Wistrich__ under the Civil Consent Pilot Project in accordance with General Order 08-09. The case number on all documents filed with the court should read as follows: __2:10-CV-7454 AJW__

The parties are advised that they may consent to have the assigned magistrate judge conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The parties may consent to proceed only before the assigned magistrate judge.

<u>The parties are further advised that they are free to withhold consent without adverse substantive consequences.</u> If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. For cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 30 days after service of the summons and complaint upon that defendant, and within 30 days by plaintiff after service upon the first-served defendant.

For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 11 days after the notice of removal is filed.

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time

```
NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF
OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER




ATTORNEYS FOR:
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ANGELA BYRD | CASE NUMBER |
|---|---|
| Plaintiff(s), | CV10- 7454 AJW |
| V. | STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STASTES MAGISTRATE JUDGE (For use in Magistrate Judge Civil Consent Pilot Project Cases only) |
| ENHANCED RECOVERY COMPANY, LLC Defendant(s) | |

### THIS FORM SHALL BE USED ONLY FOR CASES IN WHICH A MAGISTRATE JUDGE IS INITIALLY ASSIGNED PURSUANT TO LOCAL RULE 73-2

All parties to the above-captioned civil matter are to check one of the two following options and file this document with the Clerk's Office:

☐ In accordance with the provisions of 28 U.S.C. § 636(C) and F.R.Civ.P.73(b), the party or parties listed below to the above-captioned civil matter hereby waive their right to proceed before a District Judge and Consent to have the assigned Magistrate Judge Andrew J. Wistrich conduct all further proceedings in the case, including trial and entry of final judgment.

Any appeal from a judgment of the assigned Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the District Court in accordance with 28 U.S.C. § 636(c)(3).

☐ The party or parties listed below to the above-captioned civil matter Do Not Consent to proceed before the assigned Magistrate Judge Andrew J. Wistrich.

The party or parties listed below acknowledge that they are free to withhold consent without adverse substantive consequences.

| Name of Counsel (OR Party if Pro Per) | Signature and date | Counsel for (Name Parties) |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

☐ Check this box if all parties have consented to proceed before the assigned Magistrate Judge.

### NOTICE TO COUNSEL FROM CLERK

All parties having consented to proceed before the assigned magistrate judge, this case will remain assigned to United States Magistrate Judge Andrew J. Wistrich for all further proceedings.

CV-11C (07/09)     STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STASTES MAGISTRATE JUDGE
(For use in Magistrate Judge Civil Consent Pilot Project Cases only)

Name & Address:

Ehson Salaami, Esq.
MinCal Consumer Law Group
1630 Copa De Oro Dr., Ste. A
San Diego, CA 92037

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Angela Byrd | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV10 7454-AJW |
| Enhanced Recovery Company, LLC | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): Enhanced Recovery Company, LLC, 8014 Bayberry Rd., Jacksonville, FL 32256

A lawsuit has been filed against you.

Within  21  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Ehson Salaami, Esq. _____, whose address is MinCal Consumer Law Group, 1630 Copa De Oro Dr., Ste. A, San Diego, CA  92037 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: -6 OCT 2010

Clerk, U.S. District Court

By: MARLEA DAVIS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Angela Byrd

**DEFENDANTS**
Enhanced Recovery Company, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MinCal Consumer Law Group (888-678-5550)
1630 Copa De Oro Dr., Ste. A
San Diego, CA 92037

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1692 et seq. - Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| | | | | | |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: **CV10 7454**

**COPY**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                CIVIL COVER SHEET                                Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | County of Duval; Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Ehsan Sulaami_ Date 9/30/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |